**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| ADAM K. RICHARDSON,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL SERVICES, et al.,<br><br>Defendants. | Civil Action No.: SAG-26-1625 |

**MEMORANDUM OPINION**

Plaintiff, who is incarcerated at Eastern Correctional Institution ("ECI"), has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Because Plaintiff appears indigent, his requests to proceed without pre-payment of the filing fee are granted. Plaintiff was previously directed to file an Amended Complaint addressing identified pleading deficiencies. ECF No. 6. The Court is in receipt of Plaintiff's Amended Complaint (ECF No. 8), filed pursuant to 42 U.S.C. § 1983, which has been reviewed by the Court with respect to the 28 U.S.C. §§ 1915(e)(2)(B) and 1915A criteria.

In the Amended Complaint, Plaintiff names as Defendants Warden Bailey, Correctional Officers Louijeune, Curtis, Jude, and Pierre, and Hearing Officer Bradley Mister. ECF No. 8. He alleges that on February 19, 2026, after leaving his work assignment late, he took a shower and was in the process of preparing food and getting ice to take to his cell when Officer Louijeune asked him where he was going. ECF No. 8 at 4-5. Plaintiff explained that he was a worker and was out for his shower, but Louijeune disputed this and then went into "the bubble where the other officers [were] and [blatantly] lie[d] saying [Plaintiff] threaten[ed] him." *Id*. at 5. Plaintiff denies

threatening Louijeune and claims that the camera footage would demonstrate that no words were exchanged between them and his back was to the officer. *Id*. Plaintiff asserts that this conduct violated his rights under the Eighth Amendment. *Id.* at 5. He states that he was not injured "just lied on under false pretenses." *Id*. As relief, Plaintiff seeks the termination of Defendants from their employment and compensatory damages. *Id.*

Sections 1915(e)(2)(B) and 1915A of 28 U.S.C. require the Court to conduct an initial screening of this complaint. The Court is required to dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). For the reasons discussed below, Plaintiff's Complaint, as amended, is dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Pursuant to 42 U.S.C. § 1983, a plaintiff may file suit against any person who, acting under color of state law, deprives her "of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g*., *Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied sub nom. Balt. City Police Dep't v. Owens*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *see Safar v. Tingle*, 859 F.3d 241, 245 (4th Cir. 2017). In other words, § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd*., 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Davison v. Randall*, 912 F.3d 666, 679 (4th Cir. 2019); *Loftus v. Bobzien*, 848 F.3d 278, 284-85 (4th Cir. 2017); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997). "The first step in any such claim is to pinpoint the specific right that has been infringed." *Safar*, 859 F.3d at 245. Here, Plaintiff has failed to allege facts that demonstrate the violation of a constitutional right based on the alleged conduct of Defendant Louijeune.

Generally speaking, "not all undesirable behavior by state actors is unconstitutional." *Pink v. Lester*, 52 F.3d 73, 75 (4th Cir. 1995). "Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983." *Henslee v. Lewis*, 153 Fed. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); see *Huffman v. Schevel*, No. GJH-16-514, 2018 WL 4599648, at *4 (D. Md. Sept. 24, 2018) (same); *Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (observing that "no matter how inappropriate, unprofessional, or reprehensible [verbal harassment, including through the use of racial slurs and race-based threats] might seem," if it is "unaccompanied by any injury," it "does not constitute the violation of any federally protected right and, therefore, is not actionable under ... § 1983" (citation omitted)). Moreover, there is no constitutional right to be free from false disciplinary charges, so long as the inmate is granted a hearing and has the opportunity to rebut them. *Pruitt v. FCI Morgantown*, 2020 WL 11232160, at *5 (N.D.W. Va. Sept, 28, 2020). Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, he has failed to state a claim based on any false accusation made by Defendant Louijeune.

Additionally, liability under §1983 attaches only upon personal participation by a defendant in the constitutional violation. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001).

Other than naming Warden Bailey, Correctional Officers Curtis, Jude, and Pierre, and Hearing Officer Bradley Mister as Defendants, Plaintiff provides no factual allegations against any of these Defendants in the body of his Amended Complaint. ECF No. 8. As such, the Amended Complaint fails to state a claim against Defendants Bailey, Curtis, Jude, Pierre and Mister.

Finally, Plaintiff states that he was not injured as a result of the events he describes. Absent personal deprivation or injury, he may not proceed under a Section 1983 theory of liability. *See generally Allen v. Wright*, 468 U.S. 737, 751 (1984).

Plaintiff is forewarned that his right to pursue relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) and 1915A(b)(1). Specifically, if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Additionally, dismissal with or without prejudice for any of the grounds enumerated in 28 U.S.C. §§ 1915(e)(2)(B)(i) or (ii) may later be deemed a "strike" under the Act. *Lomax v. Ortiz-Marquez*, 590 U.S._, 140 S.Ct. 1721, 1724 (2020), *see also* 28 U.S.C. § 1915(g); *Pitts v. South Carolina*, 65 F.4th 141 (4th Cir. 2023) (holding district court may not, at the time it dismisses a complaint under §1915(e), determine that the dismissal will count as a strike in the future application of § 1915(g)'s three strike rule).

This case is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim . A separate order follows.

/s/ October 9, 2026
Stephanie A. Gallagher
United States District Judge